UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------X
MICHELE PRISCO,

                      Plaintiffs,

-against-

AIR INDUSTRIES GROUP, ET AL,

                      Defendants.
-------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
15-CV-7340 (JMA)(AYS)

**AZRACK, United States District Judge:**

Before the Court are objections filed by plaintiff Michele Prisco to Magistrate Judge Anne Y. Shields' Report and Recommendation dated September 1, 2017 (the "R&R").

In his complaint, plaintiff advances employment discrimination claims based on his age and alleged disability and retaliation claims based on his alleged participation in a protected activity. Plaintiff advances various claims, including those pursuant to (1) the Americans with Disabilities Act (the "ADA"); (2) the Age Discrimination in Employment Act (the "ADEA"); (3) 42 U.S.C. § 1981; (4) the New York State Human Rights Law (the "NYSHRL"); and (6) New York state common law.

Defendants have moved to dismiss plaintiff's complaint in its entirety. The Court referred the motion to Judge Shields for report and recommendation, and Judge Shields ultimately recommended granting the motion to dismiss all of plaintiff's claims except for the age discrimination claims under the ADEA and NYSHRL. Plaintiff now objects to the portions of the R&R recommending dismissal of the remainder of his complaint. Defendants have opposed plaintiff's objections, but have not themselves objected to the portions of the R&R recommending

1

that the Court deny the motion to dismiss the age discrimination under the ADEA and NYSHRL.[1]

The Court assumes familiarity with the complaint, the R&R, the underlying motion papers, and the facts underlying this case, which are referenced only as necessary to explain the Court's decision.

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); see also Brown v. Ebert, No. 05–cv–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district court may "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the [m]agistrate [j]udge in the first instance." Kennedy v. Adamo, No. 02-cv-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-cv-250, 2003 WL 23610575, at *1 (E.D.N.Y. Sept. 22, 2003)), aff'd, 323 F. App'x 34 (2d Cir. 2009).

"Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown, 2006 WL 3851152, at *2 (quoting Gardine v. McGinnis, No. 04-cv-1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

---

[1] In their "Response to Plaintiff's Objections to the Report and Recommendations," defendants assert in one conclusory paragraph that the "age discrimination claims should also be dismissed." (Def. Opp. 11; ECF No. 39.) Defendants do not, however, object to any portion of the R&R. Indeed, on the same page, defendants urge the court to "adopt Judge Shields' thorough and well-reasoned R&R and overrule the Plaintiff's Objections to same." (Id.) The Court therefore construes defendants as not having objected to any portion of the R&R. And, even if defendants did intend to object to the R&R, they filed their opposition well outside of the time in which to object.

## II. DISCUSSION

Because no party objects to the portions of the R&R recommending that the Court deny the motion to dismiss the age discrimination claims under the ADEA and NYSHRL, the Court reviews those portions for clear error. Finding no clear error, the Court adopts those portions of the R&R and denies defendants' motion to dismiss the age discrimination claims.

Plaintiff purports to object to all of the portions of the R&R recommending dismissal of his remaining claims. Plaintiff's "objections" consist of three types of arguments, all of which are improper. First, the bulk of plaintiff's objections are simple restatements of the same arguments advanced before Judge Shields, with no attempt to show why the reasoning set out in the R&R was incorrect. (See, e.g., Pl's Obj. 2–3; 6–7.) Second, plaintiff cites to new case law that he failed to cite in his opposition brief without any explanation for his failure to do so. (See, e.g., id. at 3–5.) Third, in one instance, plaintiff offers a new argument premised on facts that are not alleged in the complaint and a theory that was not presented to Judge Shields. (See id. at 9.) Moreover, plaintiff does not attempt to identify—and certainly does not specifically cite—any particular section of Judge Shields' R&R to which he objects.

It is thus far from clear that plaintiff has proffered any reasoned objection sufficient to obligate the Court to conduct a de novo review. Nonetheless, in an abundance of caution, the Court has interpreted plaintiff's objections liberally and conducted a de novo review of the R&R. After conducing such a review, the Court adopts Judge Shields' R&R in full.

Although the Court need not engage with each of plaintiff's "objections" amounting to no more than a recitation of his earlier arguments or an unexplained cite to new case law, the Court briefly discusses two of plaintiff's "objections."

First, Plaintiff objects to Judge Shields' determination that the state law "slander" claims

should be dismissed. (Pl's Obj. 7–8.) Judge Shields determined that "all of the Defendants' statements and/or actions that Plaintiff cites as the basis for his so-called 'intentional torts' of libel, slander, and false words are actions that were taken by the Defendants in the defense of the administrative proceedings that were initiated against them by the Plaintiff." (R&R, 31.) Judge Shields therefore found that all of the statements were covered by the New York State "litigation privilege" and, for that reason, could not form the basis for these state law claims. Plaintiff appears to concede that Judge Shields' recommendation was correct, but goes on to advance a new theory of defamation based on comments that were made by the defendants to a former HR employee in the context of the administrative proceedings. Because these factual allegations were not alleged in the complaint, and because this theory was not advanced before Judge Shields, the Court need not consider it here. The Court therefore reviews this portion of the R&R for clear error and, finding none, adopts the R&R on this point and dismisses these state law claims.

Second, plaintiff objects to Judge Shields' determination that he had abandoned his claims under the "New York State Civil Rights Law" and for various "intentional torts" under New York common law because he had not advanced any argument whatsoever in support of those claims. (R&R at 9 fn. 1.) The totality of plaintiff's objection to this recommendation reads as follows:

> Regarding the claims under the NYS Civil Rights Laws and the claims on Intentional Torts under the Common Law alleged in the Complaint, the Defendants [sic] Motion to Dismiss did not address these claims. Thus, Plaintiff has not abandoned these claims.

(Pl's Obj. at 9.) Given the full section of defendants' motion to dismiss devoted to these claims, the Court is baffled by plaintiff's position. (See Def. Mem. at 18–21, ECF No. 20.) The Court therefore adopts the R&R and dismisses these claims, deeming them to be abandoned.

4

For the reasons stated above, the Court adopts Judge Shields' R&R in its entirety as the opinion of the Court. Accordingly, defendants' motion to dismiss is granted with respect to all of plaintiff's claims except for the age discrimination claims pursuant to the ADEA and NYSHRL.

**SO ORDERED**.

Date:   September 30, 2017
          Central Islip, New York

                                        /s/ (JMA)
                                    Joan M. Azrack
                                    United States District Judge